IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRI L. LORRAINE MUELLER,<br>       Plaintiff,<br>vs.<br>ANTONY VANZYL, NIBBLES AND NOSH CAFÉ, and MIDNIGHT MAC AND CHEESE RESTAURANT<br>       Defendants. | **JURY DEMAND** |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *ET SEQ*.;
THE ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/1 *ET SEQ*.; AND THE ILLINOIS
WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115/1, *ET SEQ*.;**

Plaintiff, Sherri L. Lorraine Mueller, by and through his attorney, Aaron B. Maduff of Maduff & Maduff, LLC, for her Complaint against Defendants, Antony Vanzyl, Nibbles and Nosh Café, and Midnight Mac and Cheese Restaurant, alleges and states as follows:

**INTRODUCTION**

1. Defendant Vanzyl runs two restaurants with a shared kitchen, Defendants Nibbles and Nosh, and Midnight Mac and Cheese. Plaintiff was hired as a hostess, short order cook, and server for Nibbles and Nosh from January 3, 2018 until she quit on May 16, 2018. During that time she worked 688 hours but was never paid. In addition, Plaintiff worked the last week of December cleaning and preparing the establishment to open, for which she also was not paid. At most times she was the only person in the café.

2. Nibbles and Nosh shares kitchen space with Midnight Mac and Cheese and Plaintiff's functions also included assisting with work for Midnight Mac and Cheese doing cleaning and food preparation.

3. Because she was never paid, Plaintiff is destitute. Maduff has agreed to represent Ms. Mueller *pro bono* in this case, but Plaintiff files a Motion for Leave to proceed *in forma pauperis* with this complaint.

## THE PARTIES

4. Plaintiff, Sherri L. Lorraine Mueller (hereinafter "Plaintiff" or "Mueller") is an individual who was at all relevant times a citizen and resident of the State of Illinois. She was, at all times relevant to this complaint, an employee within the meaning of the FLSA, 29 U.S.C. §203(e); §3(d) of the IMWL, 820 ILCS 105/3(d); and §2 of the IWPCA, 820 ILCS 115/2.

5. Defendant, Nibbles and Nosh (hereinafter "N&N"), is on information and belief a corporation with its principal place of business in Illinois and doing business within the territorial limits of the United States District Court for the Northern District of Illinois. Defendant N&N is and was at all times relevant to this Complaint an "employer" and an "enterprise engaged in commerce or the production of goods for commerce" within the definitions of §3(d) and §3(s) of the FLSA, 29 U.S.C. §§203(d), 203(s); §3(c) of the IMWL, 820 ILCS 105/3(c); and §2 of the IWPCA, 820 ILCS 115/2.

6. Defendant, Midnight Mac & Cheese (hereinafter "Mac & Cheese"), is on information and belief a corporation with its principal place of business in Illinois and doing business within the territorial limits of the United States District Court for the Northern District of Illinois. Defendant Mac & Cheese is and was at all times relevant to this Complaint an "employer" and an "enterprise engaged in commerce or the production of goods for commerce" within the definitions of §3(d) and §3(s) of the FLSA, 29 U.S.C. §§203.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims against the Defendants under 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337. This Court has supplemental jurisdiction over the State Law Claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the events giving rise to this case occurred in this District and Defendants regularly conduct business in this District.

## FACTS

9. Mac & Cheese and N&N are food establishments which are located next door to each other and share kitchen space. They are both owned and operated by Defendant Vanzyl.

10. Vanzyl had closed N&N for a period of time, and in December of 2017, hired Plaintiff to prepare N&N to reopen in January and to then become one of three employees.

11. Plaintiff's duties included everything necessary to serve N&N's customers including but not limited to: cooking, serving, hostessing, and cleaning the establishment.

12. Because N&N shared kitchen space with Mac & Cheese, Plaintiff's duties also included cleaning kitchen space for Mac & Cheese and assisting employees of Mac & Cheese with their kitchen duties.

13. N&N and Mac & Cheese were joint employers of Plaintiff.

14. Plaintiff began work in the last week of December of 2017 to clean and prepare N&N for reopening.

15. From January 3, 2018 to May 16, 2018, Plaintiff worked 688 hours for all Defendants.

16. Plaintiff was never paid for any such hours.

17. As a result, Plaintiff is destitute. Maduff has agreed to represent Ms. Mueller *pro bono* in this case, but Plaintiff is also filing a motion with this Complaint to proceed *in forma pauperis.*

## COUNT I

### Demand For Relief For Violations of
### The Fair Labor Standards Act
### 29 U.S.C. §201 *et seq.*
### For Failure to Pay Minimum Wage

18. Plaintiff restates and re-alleges paragraphs 1 through 17 as paragraph 18 of this Count I.

19. Pursuant to the FLSA, 29 U.S.C. §206, Defendants were and remain obligated to compensate Plaintiff minimum wage at a rate of $7.25 per hour. violated the FLSA.

20. By failing to pay to Ms. Muller the minimum wage for all hours worked Defendants have violated the FLSA.

21. As a result of these violations, Ms. Mueller has suffered damages in the form of unpaid wages.

WHEREFORE, Plaintiff, Sherri L. Lorraine Mueller, respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants and award the following relief:

  a) A declaratory judgment that Defendants have violated the minimum wage provisions of the FLSA, 29 U.S.C. §206;

  b) A declaratory judgment that Defendants violations of the FLSA were willful;

  c) An award to Plaintiff of damages for the unpaid minimum wages to be proven;

  d) An award to Plaintiff of liquidated damages in an amount equal to the compensation owed to her pursuant to 29 U.S.C. §216(b);

  e) An award to Plaintiff of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

  f) An award of such other and further relief as this Court deems just and equitable.

### COUNT II

**Demand For Relief For Violations of
Illinois Minimum Wage Law
820 ILCS 105/1 *et seq*.
For Failure to Minimum Wage**

22. Plaintiff restates and re-alleges paragraphs 1 through 17 as paragraph 22 of this Count II.

23. Pursuant to the Illinois Minimum Wage Law, 820 ILCS 105, *et seq.*, Defendants were and remain obligated to compensate Plaintiff minimum wage at a rate of $8.25 per hour.

5

24. By failing to pay for hours worked by Plaintiff, Defendant willfully, knowingly, and/or recklessly violated the Illinois Minimum Wage Law.

25. As a result of these violations, Ms. Mueller has suffered damages in the form of unpaid wages.

WHEREFORE, Plaintiff, Sherri L. Lorraine Mueller, respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants and award the following relief:

a) A declaratory judgment that Defendants have violated the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*;

b) A declaratory judgment that Defendants violations of the Illinois Minimum Wage Law were willful;

c) An award to Plaintiff of damages for the unpaid minimum wages to be proven;

d) An award to Plaintiff of punitive damages in an amount equal 2% per month of such damages until paid in full;

e) An award to Plaintiff of reasonable attorney's fees and costs, and

f) An award of such other and further relief as this Court deems just and equitable.

## COUNT III

### Demand For Relief For Violation of §1-24-020 of the Ordinances of the City of Chicago For Failing To Pay Minimum Wage

26. Plaintiff restates and re-alleges paragraphs 1 through 17 as paragraph 26 of this Count III.

27. All hours worked as alleged in this Complaint were worked within the City limits of the City of Chicago, Illinois.

28. Pursuant to the City of Chicago Minimum Hourly Wage Ordinance, §1-24-020 Defendants were and remain obligated to compensate Plaintiff minimum wage at a rate of $11.00 per hour.

29. Because Defendants failed to pay minimum wage for hours worked by Plaintiff, pursuant to §1-24-110 of the City of Chicago Minimum Wage Ordinance, Defendants are liable to Plaintiff in the amount of three times the unpaid wages proven.

WHEREFORE, Plaintiff, Sherri L. Lorraine Mueller, respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants and award the following relief.:

    a) A declaratory judgment that Defendants have violated the minimum wage provisions of the Minimum Wage Ordinance of the City of Chicago §1-24-020.;

    b) An award to Plaintiff of damages equal to three times the unpaid minimum wages to be proven;

    c) An award to Plaintiff of reasonable attorney's fees and costs, and

    d)    An award of such other and further relief as this Court deems just and equitable.

## COUNT IV

### Demand For Relief For Violation Of 820 ILCS 115/1, *et seq.*
### Illinois Wage Payment And Collection Act For
### Failing To Pay For All Hours Worked

30.    Plaintiff restates and re-alleges paragraphs 1 through 17 as paragraph 30 of this Count IV.

31.    Defendants have contracted with the Plaintiff to compensate her for all hours worked implicitly at the minimum wage rate.

32.    By virtue of the foregoing Defendants failed to pay her at the agreed upon rate per hour.

33.    As a result of this violation, Defendants have violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*.

34.    Defendants' willful and wanton conduct in refusing to pay Plaintiff at the agreed upon rate per hour warrants punitive damages.

    WHEREFORE, Plaintiff, Sherri L. Lorraine Mueller, respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants and award the following relief:

    a)    A declaratory judgment that Defendants have violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*.;

    b)    Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. were willful;

c)  An award to Plaintiff of damages for the unpaid wages to be proven;

d)  An award to Plaintiff of punitive damages in an amount equal 2% per month of such damages until paid in full;

e)  An award to Plaintiff of reasonable attorney's fees and costs, and

f)  An award of such other and further relief as this Court deems just and equitable.

Respectfully submitted,
Sherri L. Lorraine Mueller

By: /s/ Aaron B. Maduff

Aaron B. Maduff
Atty. No. 6226932
Maduff & Maduff, LLC
205 N. Michigan, Ave., Suite 2050
Chicago, Illinois 60601
312/276-9000